UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____
                                   :
LYNVAL GEORGE REECE,               :
                                   :  Civil Action No. 12-5238 (ES)
            Petitioner,            :
                                   :
         v.                        :  **MEMORANDUM OPINION AND ORDER**
                                   :
ERIC H. HOLDER, JR., et al.,       :
                                   :
            Respondents.           :
_____:

**SALAS**, District Judge:

   This matter comes before the Court upon Petitioner's submission of a habeas petition ("Petition"), executed pursuant to 28 U.S.C. § 2241, (*see* D.E. No. 1), and it appearing that:

1. On July 10, 2012, Petitioner, a native and citizen of Jamaica and a post-removal-order alien detainee, submitted a habeas petition, pursuant to 28 U.S.C. § 2241, that gave rise to *Lynval v. Hendricks*, Civil Action No. 12-4264 (ES) ("*Reece-I*"). That petition (the "*Reece-I* petition") simultaneously asserted challenges to Petitioner's confinement under *Zadvydas v. Davis*, 533 U.S. 678 (2001) and *Diop v. ICE/Homeland Security*, 656 F.3d 221 (3d Cir. 2011). The *Reece-I* petition, however, had the following deficiencies: (a) it arrived unaccompanied by Petitioner's *in forma pauperis* application or his filing fee; and (b) it was silent as to date when the Board of Immigration Appeals dismissed Petitioner's challenges

      to the removal order issued by his immigration judge. (*See Reece-I*, D.E. No. 1).

2. This Court, therefore, denied Petitioner *in forma pauperis* status without prejudice and, upon directing him to cure said deficiency, also stated as follows:

   > Petitioner's challenges based on *Diop v. ICE/Homeland Security*, 656 F.3d 221 (3d Cir. 2011), [must be] dismissed as facially inapplicable to Petitioner's circumstances, since Petitioner is a post-removal-order alien detainee, and no statement in his Petition suggests that the Court of Appeals granted him stay of removal . . . . and . . . Petitioner's challenges based on the holding of *Zadvydas v. Davis*, 533 U.S. 678 (2001), are presumed viable but only if: (a) Petitioner has been held in the hands of immigration authorities for a period exceeding six months from the date when the Board of Immigration Appeals dismissed Petitioner's challenges to the removal order issued by Petitioner's Immigration Judge; and (b) Petitioner provides this Court with a written statement detailing the facts showing that there is no significant likelihood of his removal to Jamaica in the reasonably foreseeable future. . . .

   (*Reece-I*, D.E. No. 2, Order and Notice, at 5-6).

3. Further, citing *Zadvydas*, the Court "stresse[d] that Petitioner cannot simply rely on the fact that a six-month period expired from the date when the Board of Immigration Appeals dismissed Petitioner's challenges to the removal order issued by Petitioner's Immigration Judge." (*Id.* at 6 n.3).

4. The Court, therefore, allowed Petitioner an opportunity to amend the *Reece-I* petition and provide the Court with information supporting Petitioner's *Zadvydas* challenges. (*See*

     *id*.). Petitioner, however, failed to do so. (*See generally Reece-I*).

5. Then, on August 21, 2012, Petitioner commenced the instant action by filing another habeas petition, this time with an *in forma pauperis* application . (D.E. No. 1, Petition for Writ of Habeas Corpus ("*Reece-II* Petition")). The *Reece-II* Petition stated that:

    a. On September 1, 2011, an immigration judge ordered Petitioner removed to his native Jamaica, and, on January 24, 2012, the Board of Immigration Appeals denied his appeal of that order. (*See id.* at 4). This, purportedly, made his removal order "administratively final." (*Id.* at 4).

    b. Petitioner "has been held detained for over a protracted period of 24 months" and that the "delay and error solely relies on Respondent's [sic] neglect and refusal with the Jamaican Consulate's request to provide them a copy of Petitioner's medical record." (*Id.* at 8-9).

    c. "Petitioner is seeking immediate medical attention for an urgent medical operation that [was] requested by a [c]ertified [m]edical [d]octor of East Orange Medical Center, Newark, N.J. for which he is suffering for almost a year now for what appeared to be a cancerous or a tumor

        golf size lump at the back of his neck the doctor discovered when he was previously examined." (*Id.* at 9).

   d. Finally, "that the government may not subject immigration detainees for prolonged period of time without a bond hearing where the government must show that continued detention is justified." (*Id.* at 11).

5. Petitioner accordingly made the following "Request[s] For Relief":

   a. That the Court "issue a Writ of Habeas Corpus directing the Respondents to bring [P]etitioner to this Court . . . and to explain why the [P]etitioner should not be released from custody immediately." (*Id.*).

   b. That the Court "issue a declaratory judgment stating that [P]etitioner is eligible to be released on bond . . . and stating further that Petitioner is entitled to an individualized bond hearing before a neutral judge." (*Id.* at 12).

   c. That the Court "issue[] a declaratory judgment stating that [P]etitioner is not a flight risk or a danger to the community . . . ." (*Id.*).

   d. That the Court order Petitioner to "be released immediately from ICE/DHS custody either without bond or with bond in a reasonable amount . . . ." (*Id.*).

      e.    "In the alternative, that a bond hearing be held immediately before an Immigration Judge." (*Id.*).

6. As in *Reece-I*, to the extent Petitioner seeks a bond hearing relying on *Demore* and its progeny, Petitioner's challenges are unavailing. *See Diop*, 656 F.3d at 225 n.3 & 235 (explaining that the remedy of a bond hearing is relevant to the pre-removal-order detention); *see also Sayed v. Holder*, No. 11-7324, 2012 WL 458424, at *3-5 (D.N.J. Feb. 9, 2012) (explaining that a bond hearing is a remedy applicable to *Demore/Diop* challenges, while an outright release is the remedy applicable to *Zadvydas* challenges raised by post-removal-order detainees). Therefore, Petitioner's *Demore/Diop* challenges will be dismissed with prejudice.

7. To the extent Petitioner is raising *Zadvydas* challenges, a clarification is warranted.

    a.    8 U.S.C. § 1231(a)(1)(A) provides that the government has a 90-day "removal period" to remove an alien ordered removed from the U.S.  Detention during that 90-day period is mandatory. *See id.*  Further, Section 1231(a) provides that this "removal period shall be extended beyond a period of 90 days and the alien may remain in detention during such extended period if the alien . . . acts to prevent the alien's removal [ensuing from his/her] order of removal."  *Id.* § 1231(a)(1)(C).

    b.    In *Zadvydas*, the Supreme Court held that, "[a]fter [a] 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." 533 U.S. at 701.

    c.    Notably, much like under § 1231(a)(1)(C), a detainee's *Zadvydas* period is *de facto* tolled during the period the detainee is not cooperating with the U.S. officials' removal efforts or obstructing these efforts. Indeed, "detainee cannot convincingly argue that there is no significant likelihood of removal in the reasonably foreseeable future if the detainee controls the clock." *Pelich v. INS*, 329 F.3d 1057, 1060 (9th Cir. 2003).

8.    Here, the *Reece-II* Petition merely states that it has been more than a year since the Board of Immigration Appeals denied Petitioner's challenge to the immigration judge's removal order. (*See Reece-II* Petition at 4). Petitioner, however, has failed to allege facts showing that there is no significant likelihood of his removal to Jamaica in the reasonably foreseeable future and, thus, he cannot shift the burden on the government. *See Zadvydas*, 533 U.S. at 701. Rather, Petitioner's allegations suggest that Jamaica stands

ready to receive Petitioner once his medical records are completed and furnished to Jamaican consulate. (*See Reece-II* Petition at 9). Indeed, it is unclear whether Petitioner is seeking injunctive relief order directing the U.S. immigration authorities to produce Petitioner's medical records to Jamaican officials.

9. Notably, if Petitioner is, in fact, seeking medical assistance *before* being removed to Jamaica, such a claim cannot be raised in a habeas matter. *See Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002). Moreover, if Petitioner so alleges, it means that he is obstructing his removal (in order to remain in the U.S. for medical treatment) and, thus, he cannot shift the burden of his *Zadvydas* challenges to the government. *See Pelich*, 329 F.3d at 1060; *see also Zadvydas*, 533 U.S. at 701 ("After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut this showing.").

10. In light of the foregoing, Petitioner's *Zadvydas* challenges are subject to dismissal. The Court will allow Petitioner one final opportunity to clarify the nature of his challenges, the exact remedy Petitioner is seeking (e.g., an order directing Respondents' speedy production of Petitioner's medical records

to Jamaican consulate or a habeas writ directing his release) and the facts, if any, supporting Petitioner's *Zadvydas* challenges (*i.e.*, the facts showing that Petitioner is facing an indefinite confinement in the United States because there is no significant likelihood of his removal to his native Jamaica in the reasonably foreseeable future).[1]

**IT IS**, therefore, on this 5th day of February, 2013,

**ORDERED** that Petitioner's application to proceed in this matter *in forma pauperis* is **GRANTED**; and it is further

**ORDERED** that the Petition, (D. E. No. 1), is **DISMISSED** without prejudice to Petitioner filing an amended petition clarifying the nature of Petitioner's challenges and the exact remedy he is seeking to obtain; and it is further

**ORDERED** that the Clerk shall administratively terminate this matter by making a new and separate entry on the docket, reading "CIVIL CASE TERMINATED"; and it is further

**ORDERED** that administrative termination is not a dismissal on merits, and this Court does not withdraw its jurisdiction over this matter; and it is further

---

[1] Petitioner, being a *pro se* litigant, need not provide the Court with discussion of law. But he must specify his facts and the grounds for his belief that a particular form of relief is due.

**ORDERED** that, in the event Petitioner submits an amended pleading within forty-five days from the date of entry of this Memorandum Opinion and Order, this Court will direct the Clerk to reopen this matter and will reexamine Petitioner's challenges on merits and it is finally

**ORDERED** that the Clerk shall serve a copy of this Memorandum Opinion and Order upon Petitioner, together with a blank Section 2241 habeas petition form, by regular U.S. mail.

*s/Esther Salas*
**Esther Salas,**
**United States District Judge**